NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUIHUA CHEN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1285

Agency No.
A206-672-369

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2023[**]
Seattle, Washington

Before: N.R. SMITH, SANCHEZ, and MENDOZA, Circuit Judges.

Petitioner Guihua Chen, a native and citizen of China, seeks review of the

Board of Immigration Appeals' (BIA) decision affirming an Immigration Judge's

(IJ) adverse credibility determination that resulted in the denial of her application

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252.  Reviewing for substantial evidence, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010), we deny the petition.

The BIA repeatedly cited to the IJ's decision and found no clear error in its reasoning on the relevant issues, so we review both decisions.  *See Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).  We uphold an adverse credibility determination unless "any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B); *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam).  Accordingly, "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha*, 590 F.3d at 1041 (citation omitted).

1.      Substantial evidence supports the agency's conclusion that Chen lacked credibility.  Chen claimed that the Chinese government began persecuting her after she accidently encountered a Fulan Gong parade while visiting Hong Kong with a group of tourists in 2009.  This encounter was by all accounts a pivotal moment in her life, and the gravamen of her claim.  Yet when asked to provide details about that day, she could not recall (1) the airline she flew; (2) whether she landed in Hong Kong or Kowloon; (3) the name of her hotel; (4) where the hotel was located; (5) her tour group's agenda; (6) when or where her

tour group encountered the Falun Gong; (7) how the group of fifty tourists stayed together during the parade; and (8) whether the Falun Gong distributed paraphernalia to any other tour-member. The agency appropriately relied on the lack of detail in Chen's testimony to determine she lacked credibility. *See Shrestha*, 590 F.3d at 1047–48 (upholding adverse credibility determination where the IJ "relied on factors explicitly permitted by the REAL ID Act including unresponsive and undetailed testimony"); *Prasad v. INS*, 47 F.3d 336, 338 (9th Cir. 1995) ("The objective inquiry requires 'a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground.'" (citation omitted)).

2. The agency then examined Chen's documentary evidence and found it unpersuasive and insufficient to carry her burden of proof. For one, Chen proffered no documents corroborating her tour participation or presence in Hong Kong. Her hospital record was found unreliable because Chen could not verify who filled out the medical record, and it lacked identifying details and contact information. The agency further noted that, even if the medical record was properly authenticated, it only showed she was treated for "various injuries," so it did not corroborate her story. Lastly, the agency found that the affidavits submitted by Chen's family failed to provide any further details and information regarding her trip to Hong Kong and her encounter with Falun Gong

demonstrators.

3. "To qualify for asylum, a petitioner must establish that he or she . . . 'is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, [his or her] country because of persecution or a well-founded fear of persecution on account of' a protected ground." *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010) (citations omitted). In the absence of Chen's credible testimony, we conclude that the remaining evidence in the record, including the medical report and declarations from her family, is insufficient for her to meet her burden of establishing past persecution or a well-founded fear of future persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir. 2006). Therefore, substantial evidence supports the agency's decision to deny Chen's asylum claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

4. "To demonstrate eligibility for withholding of removal, the petitioner must show a clear probability of the threat to life or freedom if deported to his or her country of nationality." *Lianhua Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014) (citation and internal quotation marks omitted). "The clear probability standard is more stringent than the well-founded fear standard for asylum." *Id.* (citation omitted). Because Chen cannot meet her burden for asylum, she similarly cannot meet her burden for withholding of removal. *See id.*

5. To be eligible for CAT protection, Chen must "establish that it is

more likely than not that . . . she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). "An adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha*, 590 F.3d at 1048. But when "the CAT [claim] is based on the same statements [the petitioner] made regarding [her] claims for asylum and withholding of removal[,] . . . it [is] proper for the IJ and the BIA to rely on the same adverse credibility determination in denying all of [her] claims." *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015). That is the case here.

**PETITION DENIED**.